# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed August 22, 1923.

GEORGE DOBBIN PENNIMAN, EXECUTOR,

VS.

MARY T. FITZSIMMONS, ET AL.

*George Dobbin Penniman* for plaintiff.

*Julius F. Diehl* for defendant.

STEIN, J.—

The question here, arises upon exceptions to an auditor's account, filed on November 27, 1922. The exceptants are, 1. Mary T. Fitzsimmons and 2, Helen E. Gahan, by William McMechen, administrator of her personal estate.

Mrs. Fitzsimmons, as life tenant, is entitled to two thirds of the income, the distribution of which has caused the controversy. Mrs. Gahan, as life tenant, was entitled to the other one-third. The controversy is between them.

Each life tenant heretofore excepted to an earlier Auditor's account, filed on August 4, 1921. At the hearing, all of these exceptions but one, were acted on; as to which the papers were sent back to the Auditor to take additional testimony; this testimony was taken, and the audit of November 27, 1922, based thereon, filed.

Mrs. Fitzsimmons excepted on two grounds: The first, was raised in her former exceptions, was overruled and will not be considered again.

The other ground is that not passed on in her former exceptions; is the charging against her of interest from October 17, 1921, to March 22, 1922, on the sum of $93,298.05 on deposit in the Drovers and Mechanics National Bank, which sum is part of the estate of William J. Gahan hereinafter named; the income from which belongs to the life tenants in the proportions above set out.

The record shows Mrs. Fitzsimmons was the sister of Mrs. McMechen the wife of William J. Gahan, who ran the summer resort called Riverview; died about April 26, 1921, leaving a last Will and Testament, whereby he devised and bequeathed his residuary estate to the Safe Deposit & Trust Company of Baltimore. In Trust, among other things, to pay two-thirds of the net income to Mrs. Fitzsimmons for life, and one-third thereof to his widow for life; the widow married William McMechen and died. This residuary estate, which is now held by the Trustee, is valued at $155,489.25; on March 22, 1922, included the sum of $99,019.20 cash; then on deposit in the Drovers and Mechanics National Bank.

The widow, filed a caveat to this Will, entered into a compromise dated

244

May 16, 1921, a term of which was that Mrs. Fitzsimmons was to pay $4,500 for the testator's half interest in certain concessions at Riverview. On May 18, 1921, this proceeding was instituted to ratify that compromise. On June 27, 1921, a decree was had, ratifying it and taking jurisdiction over the further administration of the testator's estate.

On June 23, 1921, the administrators, pendente lite, handed over to the executor named in the Will, Mr. Gahan's personal estate, in their hands, appraised at $164,371.45, which included the sum of $108,634.45 cash, on deposit in the Drovers and Mechanics National Bank, of which the above named sum of $93,-998.05 is part.

The Safe Deposit & Trust Company, when it learned of this large amount of cash belonging to the estate, demanded that the executor either invest or hand over to it, for investment, as Trustee under the Will, a large part of this sum. The executor refused to do this, partly because he did not know what cash he would need in the settlement of the estate, but largely because Mrs. Fitzsimmons, who was also interested in and then running Riverview, did not want this deposit withdrawn, until the end of thirteen months from the grant of letters testamentary, as she owed the depository bank a large sum of money, wanted to borrow more, was afraid, that if the deposit, or large part of it, was taken from the bank it would not only refuse to lend her more money, but would require payment when due of that she then owed. After some discussion, with the parties in interest, and counsel, the executor, who was also Mrs. Fitzsimmons' personal counsel, as representing her, said the deposit was drawing interest at the rate of three per cent. a year; that if allowed to remain, Mrs. Fitzsimmons would pay an additional three per cent., so that the money deposited would yield six per cent. interest, and Mrs. Gahan, who was entitled to one-third of the income would not lose anything.

The evidence about the acceptance of this offer conflicts; that on behalf of Mrs. Fitzsimmons denies the acceptance as made; says its acceptance was coupled with a demand for additional concessions, which were refused. The Auditor found the acceptance as a fact. The surrounding circumstances indicate acceptance. The evidence shows the offer was not withdrawn; that the money was not withdrawn; that not much of it was needed in the settlement of the estate by the executor; that the Trust Company kept insisting, that such an unusually large sum of money should not be allowed to remain at so low a rate of interest; that Mrs. Fitzsimmons, for her own benefit, insisted the money be not withdrawn; that it was not withdrawn until its distribution to the Trustee in an audit filed herein on March 2, 1922, and ratified on March 22, 1922, Mrs. Fitzsimmons got the benefit she wanted; she should not be allowed to say her offer was not accepted; and should pay the additional rate of interest.

The record is not in proper shape for finally passing on either exception.

The Auditor charged Mrs. Fitzsimmons with interest on $93,298.05, counsel for exceptant, agrees that the cash in bank was a smaller amount; the executor furnished a letter from the bank showing that on October 7, 1921, the amount on deposit was $77,-492.68; the Auditor charged interest from October 17, 1921, ten days thereafter, so that there should be testimony showing any change in the amount between October 7 and October 17, 1921.

The exception of Mrs. Gahan's administrator, was not filed until June 19, 1923, and not until after a preliminary hearing was had on Mrs. Fitzsimmons' exceptions. The exception of Mrs. Gahan's Administrator, claims profit which is said to have accrued on certain concessions at Riverview from the date of the above-named compromise, when they were agreed to be sold to Mrs. Fitzsimmons for $4,500, to the date of the decree of ratifying that sale, i. e., from May 16 to June 27, 1921. The proceedings show the approval by the Orphans' Court, on June 23, 1921, of the first account of the Administrators pendente lite, in which they handed over to the Executor Gahan's personal estate.

The record does not show:

1. Whether under the compromise $4,500 was to include profits, is so.

2. The date when the Executor and not the Administrator pendente lite received profits; and if the date was before June 27, 1921, the amount.

If counsel can supply the above, by agreement, I will pass on the exceptions at once. If they cannot, I will arrange for the taking of testimony. Whatever is to be done must be done within the next thirty days.